**HILL, FARRER & BURRILL LLP**
G. Cresswell Templeton III (Bar No. 138398)
  ctempleton@hillfarrer.com
William A. Meyers (Bar No. 266322)
  wmeyers@hillfarrer.com
300 South Grand Avenue, 37th Floor
Los Angeles, CA  90071-3147
Telephone:  (213) 620-0460
Fax:  (213) 624-4840

**LOWE GRAHAM JONES PLLC**
Michael J. Folise, Esq., *Pro Hac Vice*
  folise@lowegrahamjones.com
Ellen M. Bierman, Esq., *Pro Hac Vice*
  bierman@lowegrahamjones.com
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
Telephone:  (206) 381-3300
Fax:  (206) 381-3301

Attorneys for Defendant/Counterclaimant
BIOHACKED, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LIVE EYEWEAR, INC.,<br><br>              Plaintiff,<br><br>      vs.<br><br>BIOHACKED, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>              Defendants. | CASE NO. 2:19-cv-0461 FMO (PLAx)<br><br>**Hon. Fernando M. Olguin**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Complaint Filed:  January 22, 2019<br>Discovery Cutoff:  September 6, 2019<br>Pretrial Conf.:  March 6, 2020<br>Trial Date:  March 24, 2020 |

1. **GENERAL**

    1.1    <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    <u>Good Cause Statement</u>. This is an action for trademark infringement, dilution, and unfair competition, with counterclaims seeking a declaration of invalidity as to the trademark. This action may involve, or is likely to involve, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or other confidential, proprietary, and highly sensitive documents and information for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted.

    Such confidential and proprietary materials and information, likely to be the subject of discovery in this action, may consist of, among other things: product testing and cost data, including material costs; product defect information and data, including customer complaints; confidential wholesale pricing, sales volume, operational and strategy information, including lists of wholesalers, suppliers, and

customers; confidential business and financial information, including sales and cost data; information regarding confidential business practices or other confidential research, development, or commercial information (including information implicating privacy rights of third parties); and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Because it is possible that public disclosure of this information might potentially harm business interests or competitive standing, and because it would be unduly burdensome for the Court to become overly enmeshed in determining for discovery purposes the confidentiality of each and every covered document or particular information produced in discovery, good cause exists to enter this Stipulated Protective Order. See, e.g., *Hodges v. Apple Inc.* (N.D. Cal. Nov. 18, 2013) 2013 WL 6070408 ("Given the nature of Exhibit 4—a spreadsheet that contains financial information—the Court is persuaded that there are compelling reasons to file it under seal."); *SMD Software, Inc. v. EMove, Inc.* (E.D.N.C. Mar. 15, 2013) 2013 WL 1091054, at *3 ("Defendants urge that these documents contain confidential information such as … relative market share … the court agrees that they too contain confidential information, the publication of which may harm the parties' business interests and competitive standing. This risk of harm outweighs the public's interest in accessing the documents.").

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as

confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1 <u>Action</u>. this pending federal lawsuit, styled *Live Eyewear, Inc. v. Biohacked, Inc.*, United States District Court for the Central District of California, Case No. CV 19-0461 FMO (PLAx).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: information (regardless of how it is generated, stored or

- 3 -

1 maintained) or tangible things that the Designating Party in good faith believes to
2 be extremely commercially sensitive or would provide a competitive advantage to
3 competitors or compromise or jeopardize the Designating Party's business interests
4 if disclosed.

5     2.9   House Counsel:  attorneys who are employees of a party to this Action.
6 House Counsel does not include Outside Counsel of Record or any other outside
7 counsel.

8     2.10   Non-Party:  any natural person, partnership, corporation, association,
9 or other legal entity not named as a Party to this action.

10     2.11   Outside Counsel of Record:  attorneys who are not employees of a
11 party to this Action but are retained to represent or advise a party to this Action and
12 have appeared in this Action on behalf of that party or are affiliated with a law firm
13 that has appeared on behalf of that party, including support staff.

14     2.12   Party:  any party to this Action, including all of its officers, directors,
15 employees, consultants, retained experts, and Outside Counsel of Record (and their
16 support staffs).

17     2.13   Producing Party:  a Party or Non-Party that produces Disclosure or
18 Discovery Material in this Action.

19     2.14   Professional Vendors:  persons or entities that provide litigation
20 support services (e.g., photocopying, videotaping, translating, preparing exhibits or
21 demonstrations, and organizing, storing, or retrieving data in any form or medium)
22 and their employees and subcontractors.

23     2.15   Protected Material:  any Disclosure or Discovery Material that is
24 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
25 ATTORNEYS' EYES ONLY."

26     2.16   Receiving Party:  a Party that receives Disclosure or Discovery
27 Material from a Producing Party.
28 / / /

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

- 5 -

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 *Manner and Timing of Designations.* Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "Confidential Legend"), to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party designate in accordance with procedures set forth in Section 10 below.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the Confidential Legend. If only a portion or portions of the information warrants

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq.  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3     Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the

- 7 -

conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2)

they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Court and deposition reporters and their staff;

(c) The Court, any person employed by the Court, and mediators approved by the Parties whose duties require access to Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;

(d) Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Section 10 below;

(e) Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Section 10 below;

(f) Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

- 9 -

(g) Any Person identified on the face of any such Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as an author or recipient thereof;

(h) Any Person who is determined to have been an author and/or previous recipient of the Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by such Person;

(i) Any Person who the Parties agree in writing may receive Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; and

(j) Nicole Norris, house counsel for Plaintiff Live Eyewear, Inc.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party

may produce the Non- Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.   DEPOSITIONS**

(a)   Those portions of depositions at which any Material designated as CONFIDENTIAL is used or inquired into may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Section 7.2 to view such Material. Those portions of depositions in which Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is used or inquired into may not be conducted in the presence of any Persons other than those Persons authorized under Section 7.3 to view such Material.

(b)   Counsel for any deponent or Party may designate testimony or exhibits as Protected Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Protected Material. Failure of counsel to designate testimony or exhibits at a deposition, however, shall not waive the protected status of the testimony or exhibits. Counsel may designate specific testimony or exhibits as Protected Material within fifteen (15) calendar days after receiving the transcript of the deposition or fifteen (15) calendar days after the date on which this Protective Order becomes effective, whichever occurs later. Until the designation is made during the fifteen-day period, the testimony and exhibits shall be treated as Protected Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Protected Material within the above-described twenty-day period, any Party shall be entitled to treat the transcript or exhibits as non-Protected

Material. For purposes of this Section, this Protective Order shall be deemed effective on the date this stipulation is filed with the court.

(c) When Material disclosed during a deposition is designated Protected Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Protected Material without obtaining written consent from the Party who designated the Material as Protected Material. For convenience, if a deposition transcript or exhibit contains repeated references to Protected Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Protected Material.

**11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal

Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**13.   MISCELLANEOUS**

      13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      13.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.   FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any

- 14 -

other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 15. VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: July 30, 2019                                    **HILL, FARRER & BURRILL LLP**

By: */s/ William A. Meyers*
WILLIAM A. MEYERS
Attorneys for Defendant and Counterclaimant
BIOHACKED, INC.

DATED: July 30, 2019      **LIVE EYEWEAR, INC.**

By: */s/ Nicole M. Norris*
NICOLE M. NORRIS
Attorneys for Plaintiff and Counter-Defendant
LIVE EYEWEAR, INC.

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing [PROPOSED] STIPULATED PROTECTIVE ORDER. In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the other signatories to this filing have concurred in this filing.

DATED: July 30, 2019      By: */s/ William A. Meyers*
WILLIAM A. MEYERS
Attorneys for Defendant and Counterclaimant
BIOHACKED, INC.

# **EXHIBIT A**

# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Live Eyewear, Inc. v. Biohacked, Inc.*, Case No. CV 19-0461 FMO (PLAx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

HFB 2088864.2 B4162002

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147